[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#105)
This memorandum addresses the defendant's motion for summary judgment. The one-count complaint seeks money damages and to foreclose on a mortgage based on
allegations that the defendant failed to pay a promissory note he signed on November 27, 1989. Although not having yet answered, the defendant has filed a motion for summary judgment asserting that the plaintiffs' claim is time-barred by the six-year statute of limitations for written contracts set forth in General Statutes § 52-576, or for a "promissory note payable at a define time" pursuant to § 42a-3-118. For the reasons stated below, the court denies the motion.
A court will grant summary judgment if, viewing the evidence in the light most favorably to the non-moving party; Elliot v. Waterbury,245 Conn. 385, 391, 715 A.2d 27 (1998); there is no genuine issue of material fact and the moving party would be entitled to a directed verdict on those facts. Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471
(1982). A material fact is one that will make difference in the result of the cases Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Gupta v. New BritainGeneral Hospital, 239 Conn. 574, 582, 687 A.2d 211 (1996):
[A] party opposing summary judgment [, however,] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. CT Page 14524
(Citations omitted; internal quotation marks omitted.) Water WayProperties v. Colt's Manufacturing Co., Inc., 230 Conn. 660, 664-65,646 A.2d 143 (1994). Summary judgment shall be rendered forthwith "if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49.
Exhibit B attached to the plaintiffs' memorandum opposing summary judgment makes clear that the note here was for the purpose of defendant purchasing a condominium unit from the plaintiffs located in the Black Rock Village Condominium Project. Exhibit B also shows that to secure the note, the defendant executed to plaintiffs a mortgage deed to the condo unit. Exhibit C shows that, to repay the note, the parties entered into an employment agreement under which defendant agreed to install carpeting and linoleum floors in 60 condominium units in the same complex; Lacasse would receive a credit toward his payment obligations under the note of $476 for each unit in which he completed carpet and linoleum installation. Under the terms of the note itself, attached to plaintiffs' opposition memorandum as Exhibit A, Lacasse agreed to repay all unpaid principal balance by September 27, 1992; but if the Black Rock Village Condominium Project was not completed within three years, Lacasse had the option of extending the term of the note for an additional two years in which to complete the flooring.
Affidavits of the plaintiffs attached to their memorandum in opposition to summary judge further aver that:
 • The defendant did not complete all the flooring but received a credit of $8,418 for flooring he did install.
 • Sometime after June 1994 plaintiffs and defendant agreed that plaintiffs "would hold off on pursuit of the debt" in exchange for defendant's promise to sell his condominium unit and use the proceeds to pay off the remaining debt when the real estate market improved.
 • Pursuant to that agreement, the plaintiffs did not bring suit on the note or to foreclose the mortgage.
 • By the year 2000 the real estate market had improved, and yet defendant continued not to pay his debt.
In response to the defendant's motion for summary judgment based on the statute of limitations, the plaintiffs argue that the undisputed facts presented for the court's consideration on summary judgment support a CT Page 14525 finding that the defendant waived any defenses under the statute of limitations: "for the consideration of forbearance of the plaintiffs right to foreclose their mortgage deed on the defendant's condominium, the defendant agreed to the waiver of the statute of limitations. . . ." (Plaintiffs' memorandum in opposition to defendant's motion for summary judgment, p. 7-8). To this claim, the defendant presents two responses:
 • that any oral modification to the original note is barred by the statute of frauds, General Statutes § 52-550; and
 • that plaintiffs failure "to plead that there was any oral modification" to the original contract requires this court to decide this case on the pleadings only.
The statute of frauds, general statutes § 52-550, requires contracts relating to the conveyance of land to be in writing. Yet courts have also long recognized an equitable exception to the statute of frauds where one party, in reliance upon an oral agreement relating to the conveyance of land and "with the assent, express or implied, or the knowledge of the other party;" Ubysz v. DiPietro, 185 Conn. 47, 54,440 A.2d 830 (1981); engages in conduct "referable to and consistent with the oral agreement;" Andrews v. New Britain National Bank, 113 Conn. 467,474, 155 A. 838 (1931; and thereby "has so changed his position that injustice can only be avoided by specific performance" of the oral agreement. Milazzo v. Schwartz, 44 Conn. App. 402, 407, 690 A.2d 401, cert. denied, 240 Conn. 926, 692 A.2d 1282 (1997). Courts have sometimes described this exception as "a theory of part performance, under which `acts on the part of [a] promisee may be sufficient to take a contract out of the statute' of frauds.'" (Citations omitted) Dunham v. Dunham,204 Conn. 303, 314, 528 A.2d 1123 (1987). Other courts have referred to it as "an equitable doctrine designed to prevent the statute of frauds itself from becoming an `engine of fraud.'" Breen v. Phelps, 186 Conn. 86,94, 439 A.2d 1066 (1982). Section 129 of the Restatement (Second), recognized as authoritative by our Supreme Court in Dunham v. Dunham, supra, 204 Conn. 315, recites the modern statement of this rule:
 A contract for the transfer of an interest in land may be specifically enforced notwithstanding failure to comply with the Statute of Frauds if it is established that the party seeking enforcement, in reasonable reliance on the contract and on the continuing assent of the party against whom enforcement is sought, has so changed his position that injustice can be avoided only by specific enforcement.
CT Page 14526 1 Restatement (Second), Contracts (1981) § 129.
The facts presented on summary judgment raise a material question of fact as to whether the defendant agreed to waive the statute of limitations and whether to apply the equitable exception of partial performance and detrimental reliance articulated by § 129 of the Restatement (Second) and long-standing Connecticut precedent. The plaintiffs have presented sufficient evidence upon which a trier could conclude that in response to entreaties by the defendant, and with his agreement and consent, the plaintiffs delayed in commencing suit on the contract or mortgage to give defendant time for the equity in his property to increase so that he would be able to pay off his debt. These facts, and others referred to above, would support a finding that the plaintiffs relied upon that oral agreement with the assent and knowledge of the defendant, and in so doing had "so changed [their] position that injustice can only be avoided by specific performance" of the oral agreement" between the parties.
The court also rejects the defendant's claim that plaintiffs failure to plead an oral modification to precludes the court from considering these later events. The modification to the original note claimed by the plaintiffs does not relate to the cause of action itself which they must plead in their complaint, but only to whether defendant waived any defense relating to the statute of limitations. Until the defendant pleads such a defense, it is premature for plaintiffs, to plead facts to establish that waiver. While the defendant can seek summary judgment before answering, he cannot use his doing so to preclude plaintiffs from asserting factual claims that they need plead only in reply to a special defense based on the statute of limitations.
For the foregoing reasons, the defendant's motion for summary judgment is denied.
SO ORDERED.
BY THE COURT
___________________ STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT CT Page 14527